The **TRAVELERS INSURANCE COM-PANY, Appellant,**

v.

**R. C. CREYKE, Appellee.**

**No. 210.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Sept. 24, 1969.

Rehearing Denied Oct. 22, 1969.

J. Daffan Caldwell, Baker, Botts, Shepherd & Coates, Houston, for appellant.

W. James Kronzer, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellee.

SAM D. JOHNSON, Justice.

Workmen's Compensation case. In response to special issues the jury in the trial court found that the appellee, R. C. Creyke, sustained an accidental injury on July 26, 1965, while in the course and scope of his employment for Todd Shipyards Corporation and that as a result of such injury suffered permanent partial incapacity and incurred certain medical bills. Judgment was entered awarding workmen's compensation and medical expenses to Creyke and the appellant, The Travelers Insurance Company, perfects appeal to this Court.

The appellant has waived its second point of error in oral argument. There remains only one point which refers to the refusal of the trial court to admit in evidence a report designated as defendant's exhibit No. 3. Appellant contends the exhibit was referred to in the plaintiff's testimony and that such reference was highly misleading to the jury and prejudicial to the defendant, and could have been explained only by introduction of the report. Appellant contends the exclusion of this exhibit was error and was calculated to and probably did cause the jury to render an improper and unfavorable verdict. It is of such action that appellant complains in this appeal.

The record indicates that Creyke originally made a claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act. In substance, he testified that he subsequently learned that there was no jurisdiction or coverage under the act because his injury did not occur while he was *on* the vessel "Wacosta" but rather occurred on the dock (on land) while he and another employee were in the process of unloading lumber from the hold of the vessel. He stated that when he later learned that there was no jurisdiction under the Federal Compensation Act he filed his claim under the State Workmen's Compensation Act. He testified that his accidental injury occurred on July 26, 1965.

At trial the appellant sought to show inconsistencies between Creyke's original claims under the Federal Act and his present position. There were two alleged inconsistencies, both of which appear on the original form (Employee's Claim for Compensation under the Longshoremen's and Harbor Workers' Compensation Act), prepared by the nurse shortly after the injury complained of. The first was an indication in the form that he was working "*On* S/S WACOSTA at Shipyard." (Emphasis added). The second was an indication that the injury occurred on July *16*, 1965 at 4:00 o'clock a.m. It was on these alleged inconsistencies that the appellant sought to impeach Creyke and suggested that he had "changed his story."

The Employee's Claim for Compensation shows that the plaintiff gave notice of his injury and was given first aid on July 26. The Accident Report Record of the shipyard reflected that the accident was reported on July 26. The history given by the plaintiff to the treating orthopedic surgeon was that he was injured on July 26. He told the doctor to whom he was referred by the nurse at the shipyard that he was injured on July 26, but the doctor at the United States Public Health Service reported that the history given to him was that the accident occurred on July 28. The shipyard timekeeper's record reflected that the plaintiff had worked aboard the vessel for a substantial period of time prior to July 16, 1965, but had not worked on that particular day. The timekeeper's records show that he did perform work in the connection with the unloading of the "Wacosta" on July 26, 1965. Significantly, there was never any inconsistency with respect to the manner in which the accident occurred or the nature of the injury.

Creyke denied that he had changed his story. In his response he testified that the nurse who inserted the July 16, 1965 date may have been confused in that he related the unloading work began that date. He further explained that it was customary for an employee to say he was injured

"on" a vessel even though he might be working on the docks if it was work done in connection with the unloading of the ship. A defense witness also testified to this same effect.

It was by way of further response to the suggestion that Creyke "changed his story" that the reference to the excluded exhibit No. 3 occurred. In response to redirect examination by Mr. Young, his attorney, the plaintiff testified as follows:

Q. "In here, Dick, does it not state the amount that you would receive per week for your disability? Don't tell the jury how much it is. Does it state an amount?"

MR. GOOCH, (Counsel for the defendant):

Q. "May I make an objection?"

COURT: "Yes."

MR. GOOCH: "If the Court please, this was—I would like to approach the bench, because I don't want the jury to be left with the impression that there was a formal hearing."

MR. YOUNG: "This amount of money shown on here, Dick, this was reported to you in this letter, was it not?"

A. "Yes, sir."

Q. "And that was before the Commissioner ever decided one way or the other whether or not he had jurisdiction of your case, wasn't it?"

A. "Yes, sir. I forgot all about it."

Q. "You know the smallest amount under Workmen's Compensation, don't you?"

A. "Yes, sir."

Q. "And you knew that before you started with your case?"

A. "Yes."

Q. "Is this amount I put my finger on, without stating the amount, is that greater than under the Workmen's Compensation law?"

A. "Yes, sir."

Q. "And you knew that before, whether he says you have changed your story?"

A. "Yes, sir."

Q. "Your lawyer didn't have to tell you that, did he?"

A. "No, sir."

MR. GOOCH: "Are you reading from the report of October 14, 1965?"

MR. YOUNG: "Yes, sir."

MR. GOOCH: "I would like to have marked and put in evidence Memorandum of Informal Conference dated October 14, 1965, by the Bureau of Employees' Compensation."

MR. YOUNG: "If the Court please, plaintiff desires—

COURT: "Ladies and gentlemen of the jury, you may take a recess at this time, with the usual instructions."

(Intermission from 3:25 to 3:50 P. M., 38/68.)

MR. GOOCH: "We would like to offer into evidence as Defendant's Exhibit No. 3 Memorandum of Informal Conference."

COURT: "Do you still make the objections previously submitted to the Court?"

MR. YOUNG: "It contains hearsay statements, not subject to our cross-examination. Although some of these statements are very favorable, I think it would be misinforming the jury."

COURT: "I sustain the objection. You may offer it, however, in connection with your bill of exception."

It must be noted that the appellant sought to introduce exhibit No. 3 in its entirety. The exhibit was a "Memorandum of Informal Conference of the Commissioner's Office" which was one and one-half single spaced typewritten pages. No basis for the offer was stated by counsel and it was tendered without limitation. "Where there is any doubt as to the relevancy of the evidence offering counsel must specify the purpose for which it is offered or other facts necessary to render it admissible." McCormick & Ray, Texas Law of Evidence, (Tex.2d Ed., Sec. 21, p. 19, and see cases there cited).

As a general rule if one party introduces part of a statement or document the opposing party may introduce as much of the balance as is necessary to explain the first part. This rule is subject to the limitation that the remaining part must bear some reasonable relationship to the first part and be in explanation thereof. Rowan & Hope v. Valadez, Tex.Civ.App., 258 S.W.2d 395, writ ref., n. r. e. The entire statement or document does not, however, become admissible unless it is germane to the part offered. Texas Casualty Ins. Co. v. Crawford, Tex.Civ.App., 340 S. W.2d 110, no writ hist.; Texas Employers Ins. Ass'n v. McNorton, Tex.Civ.App., 92 S.W.2d 562, writ dismd., 132 Tex. 168, 122 S.W.2d 1043.

In the instant case a considerable portion of defendant's exhibit No. 3 had no bearing upon the subject or issue before the court at the time of its tender. The exhibit contained instructions to the insurance carrier to check out the claimant's earnings and submit the results of the investigation to the Bureau of Employees Compensation. It contained a reference to the report "in the file from the Public Health Service Hospital dated October 1, 1965." A fair reading of the entire memorandum indicates that many parts do not bear upon the inquiry made to the plaintiff by his counsel and gives no support to the contention that the plaintiff had changed his story for the purpose of gain. The offer of the exhibit was made without specification or limitation. Appellant may not now complain of its exclusion in the absence of a limitation to the parts of the exhibit which were germane to the previous inquiry.

The judgment of the trial court is affirmed.