Jeannie Marie JONES, Appellant,

v.

Johnny M. COLLEY, M.D. and
Anesthesia and Intensive Care
of Texarkana, Appellees.

No. 6–90–081–CV.

Court of Appeals of Texas,
Texarkana.

Nov. 5, 1991.

Rehearing Overruled Jan. 7, 1992.

Ernest Cochran, Lesher & Cochran, Texarkana, for appellant.

Alan Harrel, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Jeannie Marie Jones sued Dr. Johnny M. Colley and Anesthesia & Intensive Care of Texarkana, alleging that they were negligent in administering anesthesia to her during a cesarean section delivery of her second child. The jury found no negligence, and the trial court rendered judgment that Jones take nothing. On appeal, Jones' only complaint is that the trial court erred in excluding from evidence the videotaped deposition of her medical expert, Dr. Keszler. We will affirm the judgment.

Although no record of the session was made, there are in the record statements by the trial judge and counsel for both sides showing that, at an in-chambers session before the trial began, Jones' counsel asked the judge for permission to introduce at trial an edited version of Dr. Keszler's videotaped deposition. The judge sustained opposing counsel's objection and refused to allow the videotape because it had been edited by Jones' counsel to present the doctor's testimony out of the chronological sequence in which it was given. In the face of this ruling, Jones opened her case by reading the written transcript of the entire deposition in the chronological order in which it was given.

At the close of Jones' case, and outside the presence of the jury, her counsel again offered to play the edited videotape of Dr. Keszler's deposition. The court again refused to allow it, sustaining opposing counsel's objection that the edited version would be misleading, confusing, and unfair to the parties and the jury. The court did, however, allow the introduction of the edited tape on a bill of exceptions for purposes of this appeal.

Jones then requested that she be allowed to play the entire videotaped deposition. Opposing counsel objected because they had not been furnished a copy of the videotape after it had been edited to remove the objections made at the time it was taken.

The trial court sustained the objection, stating:

> The Court has ruled that the video as presented, as—or part—to stop a video deposition to take this matter out would have caused undue delay. I don't know what would have come out of this thing. That's the reason these things are supposed to be taken care of beforehand. But in order to allow the evidence to come in, the Court, I think within its discretion under these circumstances, has the authority to order and did so order that the written deposition be read, and the Court is of the opinion that the plaintiff was not prejudiced by that. . . .

Jones complains on appeal that the trial court erred in overruling her motion for new trial based on the alleged error in refusing to admit the doctor's videotaped deposition in either its edited or unedited form.

■■■ A motion for new trial is addressed to the trial court's sound discretion, and the court's ruling will not be disturbed absent a clear abuse of that discretion. *Napier v. Napier*, 555 S.W.2d 186, 188–89 (Tex.Civ.App.–El Paso 1977, no writ). The test is whether the trial court acted arbitrarily or unreasonably, without reference to any guiding rules and principles. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793 (Tex.1987); *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297 (Tex.1986). The complaining party has the burden to bring forth a record showing an abuse of discretion. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968); Tex.R.App. P. 50(d). Absent such a record, the reviewing court must presume that the evidence

before the trial judge was adequate to support his decision. *Simon v. York Crane & Rigging Co., supra.*

■■■ To obtain a new trial because of the exclusion of evidence, the complaining party must show that the court's ruling was error and that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Tex.R.App. P. 81(b); *see McKinney v. National Union Fire Ins. Co.*, 772 S.W.2d 72, 75 (Tex.1989); *Gee v. Liberty Mutual Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989). Moreover, the exclusion of evidence is harmless if it is merely cumulative of other evidence that was admitted on the same issue. *Gee v. Liberty Mutual Fire Ins. Co., supra; Reina v. General Accident Fire & Life Assurance Corp.*, 611 S.W.2d 415, 417 (Tex.1981).

Tex.R.Civ. P. 200(1) provides that "[a]fter commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination." Tex.R.Civ. P. 202[1] expressly authorizes the recording of a deposition by non-stenographic means, including videotape recordings. *Burr v. Shannon*, 593 S.W.2d 677 (Tex.1980); *Garza v. Serrato*, 699 S.W.2d 275, 279 (Tex.App.–San Antonio 1985, writ ref'd n.r.e.). Furthermore, Tex. R.Civ. P. 207(1)(a) provides,

> At a trial or upon the hearing of a motion or an interlocutory proceeding, *any part or all of a deposition taken in the same proceeding*, insofar as admissible under the Texas Rules of Civil Evidence, *may be used by any person for any purpose against any party* who was present or represented at the taking of the deposi-

---

1. Tex.R.Civ. P. 202 provides:

   1. Non–Stenographic Recording. Any party may cause the testimony and other available evidence at a deposition upon oral examination to be recorded by other than stenographic means, including videotape recordings, without leave of court, and the non-stenographic recording may be presented at trial in lieu of reading from a stenographic transcription of the deposition, . . .

   . . . .

   c. Any party shall have reasonable access to the original recording and may obtain a duplicate copy at his own expense.

   . . . .

   e. The non-stenographic recording shall not dispense with the requirement of a stenographic transcription of the deposition unless the court shall so order on motion and notice before the deposition is taken, and such order shall also make such provision concerning the manner of taking, preserving and filing the non-stenographic recording as may be necessary to assure that the recorded testimony will be intelligible, accurate and trustworthy. Such order shall not prevent any party from having a stenographic transcription made at his own expense. In the event of an appeal, the non-stenographic recording shall be reduced to writing.

tion or who had reasonable notice thereof.

(Emphasis added.)

Jones had Dr. Keszler's deposition edited so that it presented his testimony in an order most favorable to her case. She contends that the court should not have excluded the videotaped deposition simply because she elected, as a matter of trial strategy, to put questions and answers in a particular order. She asserts that the defendants could have presented their own version of the video showing their pertinent cross-examination in its best light, but chose not to do so.

Defendants argue that the court did not err in disallowing the videotape because, in effect, he was simply applying the rule of optional completeness.[2]

■■■ The rule of optional completeness is that if one party introduces part of a statement or document, the opposing party may contemporaneously introduce as much of the balance as is necessary to explain the first part. *Travelers Ins. v. Creyke,* 446 S.W.2d 954, 957 (Tex.Civ.App.–Houston [14th Dist.] 1969, no writ); Tex.R.Civ.Evid. 106. The rule is based on two considerations: (1) the danger that material may be made misleading by being taken out of context, and (2) the inadequacy of a delayed repair. *See* Wellborn, *Article I of the Texas Rules of Evidence and Articles I and XI of the Texas Rules of Criminal Evidence: Applicability of the Rules, Procedural Matters, and Preserving Error,* 18 St. Mary's L.J. 1165, 1194–95 (1987). Rule 106, however, is not enforced by excluding the partial statement, but by allowing the opposing party to contemporaneously introduce any other part of the statement that should be considered with the

portion introduced by the proponent. Thus, the defendants, on the sole ground that the tape was out of chronological order or was not complete, had no right to prevent the use of the edited videotape. Their remedy was to introduce the unedited deposition or their own edited version in response to Jones' offer.

■■■ A deposition, *or any portion thereof,* may be offered by either party to support the contention of the offering party. *See Gilcrease v. Hartford Accident & Indemnity Co.,* 252 S.W.2d 715, 719 (Tex. Civ.App.–El Paso 1952, no writ); Tex.R.Civ. P. 207(1)(a); 2 R. McDonald, Texas Civil Practice in District and County Courts § 10.02.17, at 456, 459 (rev.1982). No rule requires that a deposition be read into the record or played before the jury in chronological order. A party, as a matter of trial strategy, is entitled to present his evidence in the order he believes constitutes the most effective presentation of his case, provided that it does not convey a *distinctly false* impression.[3] There is no suggestion here that Jones' edited version presented any distinctly false impression as to Dr. Keszler's testimony. Prima facie, then, Jones had the right to play the edited version of the tape with the defendants being allowed to counter it with the full tape, or such portions as they desired. If, however, the trial judge found that the repetitious playing of the tape or portions of it would unduly delay the trial, mislead the jury, or needlessly present cumulative evidence,[4] he had the discretion to avoid that result by admitting the full tape initially under the rule of optional completeness. Tex.R.Civ. Evid. 106. He did not do that in this case.

■■■ In any event, we conclude that the exclusion of the videotape was harmless

---

2. Tex.R.Civ.Evid. 106 provides:
   When a writing or recorded statement or part thereof is introduced by a party, an adverse party may at that time introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it. *"Writing or recorded statement" includes depositions.* (Emphasis added.)

3. Obviously, in the case of a deposition, one should not be allowed to introduce a partial

answer to a single question, or to mismatch questions and answers.

4. Tex.R.Civ.Evid. 403 provides:
   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

and was not calculated to cause and probably did not cause the rendition of an improper judgment. TEX.R.APP. P. 81(b). The testimony was strictly cumulative, as all of it had previously been introduced verbatim before the jury by reading the written transcript. *See Gee v. Liberty Mutual Fire Ins. Co., supra; Reina v. General Accident Fire & Life Assurance Corp., supra;* TEX.R.CIV.EVID. 403.

We agree, as Jones suggests, that videotaped testimony may be more convincing and more revealing than that presented only orally or in writing, primarily because a videotape is more attention stimulating and conveys to the jury certain nonverbal messages that are helpful in evaluating a witness' credibility. *See* Boudreaux, *Is it Time for Texas to Amend Rule 215c to Adopt Guidelines for Taking Videotape Depositions?*, 24 S. TEX.L.REV. 225, 226–27 (1983). Nevertheless, we cannot conclude that the exclusion of the videotape here changed the result of the trial. Dr. Keszler's credibility was not really in question. It was the competency of his medical evaluation that was questioned. It is highly unlikely that seeing him testify, rather than hearing him, would have made any difference in the jury's evaluation of his medical opinions.

Jones also contends that the court erred in refusing to play the videotaped deposition in its entirety and in its original chronological sequence so that the jury could properly evaluate the credibility of the witness. As noted earlier, we agree that the full deposition was admissible. Again, however, we conclude that the action of the court here was harmless because the evidence is merely cumulative of the deposition testimony that was read into the record.

Defendants bring one cross-point, asking that we impose penalties for frivolous appeals as authorized in TEX.R.APP. P. 84.

■ Before an appellate court may assess damages under Rule 84, it must find that the appeal was taken for delay and without sufficient cause. *Bainbridge v. Bainbridge,* 662 S.W.2d 655, 657 (Tex. App.–Dallas 1983, no writ). In making these findings, this Court must review the case from the advocate's point of view and determine whether he had reasonable grounds to believe the case would be reversed. *Mid–Continent Casualty Co. v. Whatley,* 742 S.W.2d 475, 479 (Tex.App.–Dallas 1987, no writ).

■ In reviewing the statement of facts and the record from Jones' point of view, we cannot conclude that she had no arguable basis for the appeal or that she took the appeal solely for delay. *St. Louis Southwestern Ry. Co. v. Marks,* 749 S.W.2d 911, 915 (Tex.App.–Texarkana 1988, writ denied).

For the reasons stated, the judgment of the trial court is affirmed.

BLEIL, Justice, concurring.

I agree that the trial court's judgment should be affirmed. I write separately to state my opinion that Jeannie Jones has shown no instance of trial court error.[5] Therefore, I concur in the decision affirming the trial court's judgment.

To the extent that the opinion of this Court suggests that the trial court erred in failing to admit an edited version of Keszler's videotaped deposition, I disagree. The first request to admit the edited videotape was made to the court before the presentation of any evidence, in chambers and outside the presence of the court reporter. Because no offer was made in open court and no ruling was made in court, Jones fails to show any trial court error in initially excluding the videotape.[6] When, at the end of the plaintiff's case, the edited video deposition was offered—after the written deposition had been introduced and read to the jury—it could have been excluded be-

---

5. Although the majority opinion does not specifically say that the trial court erred, it refers to the trial court's rulings as "harmless." This implies error, but "harmless error" or "not reversible error" pursuant to TEX.R.APP. P. 81(b).

6. The majority opinion assumes precisely what happened in the in-chambers, off-the-record pretrial hearing.

cause of a danger of confusion of the issues, unfair prejudice, misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence. TEX.R.CIV.EVID. 403.

Additionally, I believe the language in the majority opinion concerning TEX.R.CIV. P. 207(1)(a), which provides that all or part of a deposition may be used in evidence, is ill advised and overly broad. The majority opinion might be interpreted as holding that a party has an absolute right to present evidence in any order desired so long as a distinctly false impression is not created. Such a holding is not necessary and is also violative of the spirit of TEX. R.CIV. P. 265, which allows the trial court leeway in directing the order of proceedings.

The majority opinion also makes the statement that, under TEX.R.CIV.EVID. 106, the defendants had "no right to prevent the use of the edited videotape. Their remedy was to introduce the unedited deposition or their own edited version in response to Jones' offer."[7] (Majority op. p. 866). The majority opinion confuses the "rights" of civil defendants with the duty of a trial court to insure that a case is properly presented to the jury so that a just, fair and equitable adjudication of the case under the law may be had. *See* TEX.R.CIV. P. 1. No question is presented concerning the defendants' "rights" under TEX.R.CIV.EVID. 106.

Under the present circumstances, we do the trial court a disservice to hint that it erred, but conclude that its actions were harmless.

GRANT, Justice, concurring.

I concur in the results reached by the majority. A trial judge has considerable leeway in controlling the order of the evidence so that it will be understandable to the jury and at the same time to avoid delay. Furthermore, he has a duty to allow the opposing side to introduce evidence, which in this case was portions of a deposition, which ought in fairness to be considered contemporaneously with the evidence introduced initially. TEX.R.CIV.EVID. 106. The altered sequence of the video deposition could potentially have caused a delay or denied the opposing party the opportunity to contemporaneously and fairly offer other portions of the deposition. The trial judge expressed this concern in making the ruling.[8] For that reason I do not find that the trial court erred in excluding the edited version of the videotaped deposition that altered the order of the deposition and was not submitted to opposing counsel prior to the trial.

The offer into evidence of the unedited video deposition came after the written deposition had been read into evidence. At that point in the trial, the trial judge could validly rule that the video deposition was cumulative of the evidence already introduced.

---

**7.** The majority opinion seems to indicate that the appropriate action would be to allow one side to present its edited videotape and the other side to present a differently edited videotape.

**8.** THE COURT: And for the purpose of the record, the Court sustained the motion of the defendant to disallow the actual playing of the video deposition, as I understood it, on the basis that either side, as I understand the rules—that either side that introduces a deposition now has the right to have the cross examination of that— of their deposition taken or made known to the

jury, and so that there would be a chronological order to the evidence that is produced by that deposition; and my understanding is that either side has a right to have the direct examination, then the cross examination, re-direct examination, re-cross examination made in those chronological orders. Since it was not done in that fashion, it was the opinion of this Court that it would be unfair to the jury and unfair to the parties to allow direct, re-direct, maybe re-re-direct, without the jury knowing what the re-direct evidence covered.