**George O. JACOBS, Appellant,**

v.

**Thomas A. ADAMS, III, Appellee.**

**No. B14–92–01085–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 10, 1994.

Rehearing Overruled March 31, 1994.

Rodney Merwin, Houston, for appellant.

David E. Jenkins, Houston, John W. Mara, Katy, Nancy L. Cummings, Houston, Jerold W. Gardner, Katy, for appellee.

Before SEARS, LEE and MORSE (Sitting by Appointment), JJ.

## OPINION

SEARS, Justice.

This case involves the trial court's application of the Texas Turnover Statute.[1] The trial court found that Appellant possessed nonexempt property subject to the statute and ordered Appellant to turn the property over to a receiver. We affirm.

Appellant, an attorney, was sanctioned by a U.S. District Court on June 4, 1986 and on September 17, 1986, for Rule 11 violations. On September 29, 1986, the U.S. District Court signed an order requiring Appellant to pay Appellee five thousand eighty-eight dollars, ($5,088.00), upon entry of a final judgment. A final judgment in the underlying suit was entered on July 3, 1990, from which no appeal was taken.

On October 2, 1990, Appellee sent Appellant interrogatories in aid of judgment. Appellant refused to answer, and on April 10, 1991, a U.S. District Court magistrate or-

dered him to respond. The interrogatories were answered on May 15, 1991. Appellant admitted in his answers to owning accounts receivable, but refused to disclose the amounts, sources or locations. Appellee attempted, but could not serve a writ of execution upon Appellant, because the assets, (accounts receivable), were not subject to ordinary legal process. Therefore, on January 7, 1992, Appellee filed an application for turnover relief in state district court. The state court signed a series of orders requiring Appellant to appear and show cause why he should not be ordered to turn over the nonexempt property. Appellant failed to present any evidence to the court to show that all or part of the accounts receivable were exempt from execution. Upon conclusion of the evidence and argument, a turnover order was signed on June 11, 1992, from which Appellant brings two points of error.

In his first point of error, Appellant contends that the trial court erred in denying his motion for new trial. He contends the evidence is insufficient to prove that he possesses *nonexempt* assets. A trial court has wide discretion in denying a motion for new trial, and its decision will not be disturbed on appeal absent a showing of abuse of discretion. *Lone Star Ford, Inc. v. McCormick,* 838 S.W.2d 734, 738 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Further, a court's decision whether to issue a turnover order is also reviewed under an abuse of discretion standard. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991).

A court will sign a turnover order if a creditor establishes that a judgment debtor owns nonexempt property which cannot be readily attached by ordinary legal process. Tex.Civ.Prac. & Rem.Code Ann. § 31.002 (Vernon 1986); *Associated Ready Mix, Inc. v. Douglas,* 843 S.W.2d 758, 762 (Tex.App.—Waco 1992, no writ). The court will then order the debtor to turn over his nonexempt property, or appoint a receiver to take possession of the nonexempt property. If a party claims that property is exempt, it is that party's burden to prove that it is exempt. *Rucker v. Rucker,* 810 S.W.2d 793,

---

1. Tex.Civ.Prac. & Rem.Code Ann. § 31.002 (Vernon 1986).

795–796 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

In this case, Appellee introduced evidence that Appellant, an attorney, possessed property in the form of accounts receivable, which Appellee could not readily attach. This Court has previously held that an attorney's accounts receivable are not exempt from the Texas Turnover Statute. *Ross v. 3D Tower Ltd.*, 824 S.W.2d 270, 272–273 (Tex.App.—Houston [14th Dist.] 1992, writ denied), and *Brink v. Ayre*, 855 S.W.2d 44 (Tex.App.—Houston [14th Dist.] 1993, no writ). Appellant offered no evidence to establish that his property was exempt. We hold that the trial court did not abuse its discretion in denying Appellant's motion for new trial. Appellant's first point of error is overruled.

 In his second point, Appellant contends that the trial court erred in denying his motion for new trial because he was entitled to a jury determination on the value of the property. "A timely request for a jury plus a timely payment of the jury fee are essential to preserving the right to trial by jury." *Whiteford v. Baugher*, 818 S.W.2d 423, 425 (Tex.App.—Houston [1st Dist.] 1991, writ denied); TEX.R.CIV.P. 216. Appellant did not comply with the rule, and failed to cite this Court to any place in the record to substantiate this claim. Accordingly, Appellant's second point of error is overruled.

Finally, we address the issue of damages for delay raised by Appellee in his prayer for relief. This Court may assess damages against Appellant for bringing a frivolous appeal. See, TEX.R.APP.P. 84. Before we may assess damages, we must determine that the appeal was taken for delay only and without sufficient cause. *Jones v. Colley*, 820 S.W.2d 863, 867 (Tex.App.—Texarkana 1991, writ denied), and *Eustice v. Grandy's*, 827 S.W.2d 12, 15 (Tex.App.—Dallas 1992, no writ). In making these findings, this Court must review the case from Appellant's point of view and decide whether he had any reasonable grounds to believe the case would be reversed. *Carlyle Real Estate Ltd. Partnership–X v. Leibman*, 782 S.W.2d 230, 234 (Tex.App.—Houston [1st Dist.] 1989, no writ).

We have reviewed the record and relevant law, and have determined that Appellant had no reasonable basis to believe that this case would be reversed on appeal. These sanctions have been pending since 1986. Appellant has consistently defied the orders of the courts. Appellant had to be ordered to answer post-judgment interrogatories. He introduced no evidence at the hearing or the motion for new trial to establish that his property was exempt. He tendered a firm check in the amount of five thousand dollars to the receiver, which the receiver claims "bounced." In the motion for new trial, Appellant admitted that Appellee had attempted to collect the judgment amicably, but that he refused to pay voluntarily, and told Appellee that they would have to "take it through the courts." We find that Appellant's appeal is for delay tactics only and is without merit. Accordingly, we assess damages at 10% of the amount of damages awarded to Appellee. Such damages are to continue at a ten percent (10%) rate of interest until paid in full.

The judgment of the trial court is affirmed as reformed.