Chad and Traci Kimberling v. James Herring d/b/a Herring & Associates















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-051-CV

     CHAD AND TRACI KIMBERLING,
                                                                              Appellants
     v.

     JAMES HERRING D/B/A HERRING AND ASSOCIATES,
                                                                              Appellee
 

From the 19th District Court
McLennan County, Texas
Trial Court # 2000-2556-1
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      On March 13, 2001, the Appellants filed a motion to dismiss this appeal. In relevant portion,
Rule 42.1 of the Texas Rules of Appellate Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
(1) in accordance with an agreement signed by all parties or their attorneys and
filed with the clerk; or
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no party may be prevented from seeking any
relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1.
      The motion states that the appellants no longer wish to prosecute this appeal. It is signed by
their attorney and states that the appellees have no objection to the dismissal.
      This cause is dismissed. Costs are taxed against the appellants.
 
PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed March 28, 2001
Do not publish



-height: 0.388889in">      Lomax filed a motion to determine the admissibility of the tape on the morning of trial. 
He objected to the introduction of the tape because it was of poor quality and was not a
complete recording of his conversation with Denise. He argued that if the tape was admitted,
he should be entitled to introduce the whole conversation taped under the doctrine of “optional
completeness.” Because the State wanted to discuss the tape during opening statements, the
trial court held an admissibility hearing after the jury was impaneled and prior to opening. 
The trial court listened to the tape, reviewed a transcription of the recording and heard
testimony of Denise, the maker of the tape. At the conclusion of the hearing, the trial court
decided the tape was admissible.
Applicable Law
      The standard of review for a trial court’s ruling under the rules of evidence is abuse of
discretion. Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). Lomax contends
that the tape should not have been admitted because he could not show the complete
conversation taped or conversation of the parties involved as per Rules 106 and 107 of the
Texas Rules of Evidence. These rules are set out below as follows:
RULE 106. REMAINDER OF OR RELATED WRITINGS OR RECORDED
STATEMENTS
 
When a writing or recorded statement or part thereof is introduced by a party, an
adverse party may at that time introduce any other part or any other writing or
recorded statement which ought in fairness to be considered contemporaneously with
it. “Writing or recorded statement” includes depositions.
 
RULE 107. RULE OF OPTIONAL COMPLETENESS
 
When part of an act, declaration, conversation, writing or recorded statement is
given in evidence by one party, the whole on the same subject may be inquired into by
the other, and any other act, declaration, writing or recorded statement which is
necessary to make it fully understood or to explain the same may also be given in
evidence, as when a letter is read, all letters on the same subject between the same
parties may be given. “Writing or recorded statement” includes depositions.

Tex. R. Evid. 106 & 107.
      The rationale behind these rules is that Lomax, as an opponent of the alleged incomplete
recording, would be entitled to introduce into evidence the remainder of the recording or
conversation to correct any misleading impressions left with the jury by the previously
introduced recording. See Washington v. State, 856 S.W.2d 184, 186 (Tex. Crim. App.
1993); Simpson v. State, 975 S.W.2d 364, 368 (Tex. App.—Waco 1998, no pet.). Because
there was no other recording, he attempts to use these rules as a means to exclude the tape
recording. Rules 106 and 107 are not rules of exclusion, but rather rules of admissibility. See
Tex. R. Evid. 106 & 107; cf. Jones v. Colley, 820 S.W.2d 863, 866 (Tex. App.—Texarkana
1991, writ denied). If there had been another portion of the tape recording, Lomax would
have the ability to admit a complete recording of his conversation with Denise. See Young v.
State, 820 S.W.2d 180, 191 (Tex. App.—Dallas 1991, pet. ref’d).
Application of Law to Facts
      Lomax never produced a “complete” tape recording or a different portion of the same
conversation to be admitted contemporaneously with the tape Denise made. He cannot use
Rules 106 and 107 to exclude the tape. Thus, the trial court did not abuse its discretion in
admitting the tape. 
      Lomax alternatively argues that his case presents the need for a revival of the old
“reasonable alternative hypothesis” standard of review. He acknowledges that Geesa
overruled this standard. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). We
decline to address this secondary complaint because we are bound, as an intermediate appellate
court, to apply the law as interpreted by the Court of Criminal Appeals. Horton v. State, 986
S.W.2d 297, 300 (Tex. App.—Waco 1999, no pet.).
      Lomax’s first issue is overruled.
Conversation
      Lomax also complains that the trial court erred in allowing Denise to testify to the
remainder of the telephone conversation after the tape ran out because it was an improper use
by the State of the rule of optional completeness. The Texas Rules of Appellate Procedure
provide:
As a prerequisite to presenting a complaint for appellate review, the record must show
that:
(1) the complaint was made to the trial court by a timely request, objection, or
motion...

Tex. R. App. P. 33.1(a). Lomax did not object to Denise’s testimony about the remainder of
the conversation. He has not preserved his complaint for our review. Id. Lomax’s second
issue is overruled.
Character Evidence
      In his third issue, Lomax contends that the trial court erred in not allowing proof of
Denise’s character by showing that she had participated in her mother’s divorce where similar
sexual abuse accusations were made. The question asked of Denise and Lomax’s attorney’s
explanation to the trial court are as follows:
      Defense:      Did - - your mother and her husband are divorced, aren’t
they?
 
State:Object to the relevance.
 
      Defense:      Your Honor, if I may approach the bench.
 
      Court:         Come up.

***
      Defense:      I’m pursuing this line of questioning, Your Honor. 
Basically, it goes to motive. Our defense is that this
woman had a divorce - - using sexual allegations of this
child was to get the divorce and her mother had gotten a
divorce before on the basis of sexual allegations and abuse
to a child, and the mother, her mother did the same thing. 
And it’s our contention it goes to motive as to why she got
the divorce and how these sexual allegations came about
with respect to the child.
 
      Court:         Objection is sustained.



Lomax presented nothing in his explanation to the trial court to show that Denise had
“participated” in her mother’s divorce as he claims in his brief. 
      The State voiced an objection to the relevance of the question. Evidence is relevant if it
has “any tendency to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the evidence.” Tex. R.
Evid. 401. Evidence that is not relevant is inadmissible. Id. 402. We are not inclined to
determine that what Denise’s mother did, without more, is a fact of consequence in Lomax’s
trial. Lomax failed to offer an explanation as to why Denise’s mother’s divorce would have
any effect on Denise’s motive to testify against Lomax. 
      Lomax argues in his brief that because Denise “participated” in her mother’s divorce and
was the outcry witness in Lomax’s trial, he could reach the divorce issue under Rule 412. 
Under this rule, evidence of specific instances of an alleged victim’s past sexual behavior is not
admissible unless it relates to the motive or bias of the alleged victim. Id. 412(b)(2)(C). Denise
was not the alleged victim in the charge against Lomax and the specific instance sought to be
introduced was not Denise’s past sexual behavior. The rule does not contemplate its use
against outcry witnesses. Lomax cites us to no cases which would allow him to bootstrap his
way into character evidence against an outcry witness through Rule 412. We can find no cases
as well.
      Therefore, the question whether Denise’s mother was divorced is irrelevant and was
properly excluded. Lomax’s third issue is overruled.
 

Conclusion
      Having overruled Lomax’s issues on appeal, we affirm the judgment of the trial court.


                                                             TOM GRAY
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed March 29, 2000
Publish