# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN


--------------
## NO. 03-01-00446-CV
--------------


**Gary Pools, Inc., Appellant**

**v.**

**Lorena S. McCaffety f/k/a Lorena S. Strawhecker, Appellee**


----------------------------------------------------------------------

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. 96-13426, HONORABLE SCOTT JENKINS, JUDGE PRESIDING**
----------------------------------------------------------------------


Gary Pools, Inc. appeals from a turnover order and an order clarifying the turnover order and awarding sanctions. Appellant contends that the district court did not hold Lorena S. McCaffety, formerly known as Lorena S. Strawhecker, to her burden of proof to procure a turnover order. Appellant also contends that the order does not conform to the pleadings, that the district court granted more relief than requested, that the court erred by entering an order against a third party and a stranger to the judgment, and that there should be a new trial because the record was not made or was lost for reasons that were not appellant₌s fault. We will affirm.

## BACKGROUND

This case is the latest in a dispute that has consumed most of a decade. In June 1993, McCaffety hired Gary Pools, Inc. to build a pool. *See Gary Pools, Inc. v. McCaffety*, No. 03-99-00390-

CV, 2000 Tex. App. LEXIS 1835 (Tex. App.CAustin, March 23, 2000, pet. denied) (not designated for publication). Dissatisfied with the pool, McCaffety sued and, in March 1999, recovered a judgment for $36,000, plus interest, and $25,000 in attorney=s fees, plus additional amounts for appeals. *See id.* at *2. This Court affirmed the judgment, the supreme court denied review, and this Court issued its mandate January 18, 2001.

On April 25, 2001, McCaffety filed a motion for turnover relief, seeking to satisfy the judgment. McCaffety requested that the district court order appellant to turn over the trade name AGary Pools, Inc.@and the company=s stock. She also requested at least $500 in attorney=s fees. After an *ex parte* hearing that was not recorded, the district court signed an order on May 17, 2001 appointing a receiver to take possession of appellant=s non-exempt propertyCincluding accounts receivable, cash, and contract rights derived from contracts with consumers for the construction of swimming pools. The district court did not order the conveyance of the trade name.

Appellant filed a response to the order on May 24, 2001. Appellant contended that the property designated by the turnover order was neither accounts receivable nor contract rights, but Athe right to perform work,@ that it did not own or control the property, and that superior liens predate McCaffety=s claims. It also contended that the order was too broad, that the property designated should have been limited to net income of the business, and that the property was seized without notice and an opportunity to be heard.

On May 29, 2001, McCaffety filed a motion to compel and to clarify the turnover order. She alleged that appellant failed to comply with post-judgment discovery by not appearing at scheduled or rescheduled depositions and by not sending knowledgeable representatives to the

**2**

rescheduled depositions. She asked the court to clarify the turnover order by adding a date certain by which appellant had to turn over the designated property to the receiver. She also requested that the court order appellant=s president to appear on a date certain for a deposition and that he bring specified documents, materials, and information with him. She requested $500 in attorney=s fees.

The court held a hearing that was recorded. Excerpts of a deposition regarding appellant=s finances were read into the record and appellant=s 1999 income tax return was admitted into evidence. The district court granted McCaffety=s motion to clarify, ordering appellant to turn over the designated property Ainstantly@ upon its receipt. The court designated a date for appellant=s president to appear for deposition and specified that he was to bring all the documents, materials, and information McCaffety requested. The court also ordered appellant and its attorney jointly and severally to pay McCaffety $1500 in attorney=s fees.

## DISCUSSION

Before considering appellant=s complaints about the May 17, 2001 order, we must discuss McCaffety=s argument that appellant filed its notice of appeal too late to complain about that order. If the July 2, 2001 order clarifying the turnover order restarted the appellate timetables, the July 17 notice of appeal was undoubtedly timely. Even if that order did not restart the timetables, the filing of appellant=s response to the original order and of McCaffety=s motion to clarify within thirty days after the turnover order gave both parties ninety days from the May order in which to file their notices of appeal from that original order. *See* Tex. R. App. P. 26.1(a)(2) (motion to modify). Appellant filed its notice of appeal within ninety days after the May 17 order. We conclude that the appeal is timely.

3

Appellant complains about both the original turnover order and the clarification. Appellant contends that the original order should be reversed because the absence of a record from the *ex parte* hearing underlying it prevents appellant from pursuing an appeal, because the court failed to hold McCaffety to her burden of proof, and because the court granted the turnover order in violation of the procedural rules. Appellant further argues that the district court should not have entered an order against third parties and strangers to the judgment. Finally, appellant contends that the turnover order did not conform to the pleadings because it granted more relief than requested.

Appellant contends that we must reverse the judgment and remand the cause because, through no fault of his own, there is no reporter=s record of the *ex parte* hearing after which the court signed the turnover order. *See* Tex. R. App. P. 34.6(f) (appellant gets new trial if reporter=s record lost or destroyed). In this case, however, a reporter=s record was never made, and therefore could not have been lost or destroyed. The rule does not apply.

Appellant is not entitled to a new trial even if the rule applies. Appellant must also show that the missing record is necessary to the appeal=s resolution. *See id.* 34.6(f)(3). Appellant contends that the absence of a record prevents him from challenging the legal and factual sufficiency of McCaffety=s evidence, required by statute, that appellant Aowns property, including present or future rights to property, that: (1) cannot readily be attached or levied on by ordinary legal process.@ Tex. Civ. Prac. & Rem. Code Ann. ' 31.002(a) (West Supp. 2002).[1] Appellant has not shown that

---

[1] The statute also requires that the property not be exempt from attachment, execution, or seizure for the satisfaction of liabilities. Tex. Civ. Prac. & Rem. Code Ann. ' 31.002. The judgment debtor bears the burden to prove that the property is exempt. *See Jacobs v. Adams*, 874 S.W.2d 166, 167 (Tex. App.CHouston [14th Dist.] 1994, no writ).

the absence of the record of the first hearing prevents it from prosecuting its appeal. Any asserted deficiency or difficulty arising from the lack of a reporter=s record from the initial turnover hearing was cured by the recorded hearing on the motion for clarification. McCaffety presented proof supporting the turnover order at the second hearing, appellant had the opportunity to challenge her evidence and present countervailing evidence but did not, and the district court signed the clarified turnover order, which renewed the order that appellant turn over those items.[2] Appellant can challenge the clarified order and the evidentiary support for it based on that record.

Appellant complains that the failure to give him notice of the hearing violated the rules of civil procedure. Courts have held that defendants are not entitled to notice or a hearing regarding a motion for turnover. *See Thomas v. Thomas*, 917 S.W.2d 425, 433-34 (Tex. App.CWaco 1996, no writ); *Plaza Court, Ltd. v. West*, 879 S.W.2d 271, 276 (Tex. App.CHouston [14th Dist.] 1994, no writ). The statute does not require notice and the existence of the judgment notifies the debtor that the creditor will try to collect. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 31.002; *Thomas*, 917 S.W.2d at 434; *West*, 879 S.W.2d at 276.

---

[2] After the *ex parte* hearing, the district court appointed a receiver and empowered him Ato take possession of all non-exempt assets of Gary Pools, Inc., including, but not limited to, all contract rights, accounts receivable, and cash.@ After the second hearing, the court ordered appellant in the clarification order to turn over Aall accounts receivable, cash and contract rights derived from its contracts with consumers or otherwise to the receiver . . . instantly upon the Defendant=s receipt of such accounts receivable, cash or contracts.@

Appellant complains that the court failed to require McCaffety to prove that there was a judgment, whether there were credits on the judgment, and whether appellant owns any assets not subject to levy by ordinary means. Appellant cites no authority for the proposition that a judgment must be entered into evidence to support a motion for turnover that is filed in the same cause of action; nevertheless, McCaffety attached a copy of the judgment to her motion for turnover. The judgment was thus in the district court=s record at least twice. The evidence introduced at the second hearing included a deposition excerpt read into the record. In the midst of trying to explain the apparently intricate financial arrangements among several entities connected with appellant, a representative produced by appellant stated, AGary Pools, Inc. sells its receivables to Southern Tradewinds, Limited Partnership.@ Further, according to appellant=s 1999 tax return admitted into evidence at the second hearing, appellants reported $887,430 in gross profits on $5.8 million in gross receipts or sales. McCaffety=s evidence overwhelms appellant=s unsupported claim that it has no accounts receivable, cash, or contract rights that could satisfy a judgment of $61,000 for damages and attorney=s fees. This property is not the sort that can be readily levied or attached using ordinary legal process. *See Hennigan v. Hennigan*, 677 S.W.2d 495, 496 (Tex. 1984) (attorney=s retainer fees and hourly billing proper subject of turnover order because difficult to reach); *see also generally* Tex. R. Civ. P. 621-656 (dealing with execution of judgment on property readily levied or attached). Appellant=s representative was present and had the opportunity to prove whether credits should be applied to the judgment, but presented no such proof. Appellant cannot successfully challenge the sufficiency of the evidence to support the turnover order, not because there is no reporter=s record of

**6**

the *ex parte* hearing, but because the unrebutted evidence admitted at the second, recorded hearing at which appellant participated unequivocally supports the turnover order.

Appellant complains that the turnover order did not conform to the pleadings and granted more relief than was pled. Appellant complains about McCaffety=s request for turnover of the trade name AGary Pools@ because appellant did not own the name; this complaint is moot because the court did not order turnover of the name. Appellant complains that the court exceeded the request for $500 in attorney=s fees by awarding $1500 in attorney=s fees. But McCaffety requested Asuch other and further relief@ to which she was entitled, and her attorney testified that AI=ve probably spent $1500 worth of time@ on the motion. Regarding the nature of the assets ordered turned over, the order grants *different* relief than that specifically requestedCthe motion requests the trade name AGary Pools, Inc@ and shares of stock in the corporation, while the order instead requires turnover of accounts receivable, cash, and rights derived from contracts with swimming-pool buyers. But the relief granted is the requested turnover of assets, and it does not appear that the court granted *more* relief than requested. The monetary value of the assets turned over is limited by the amount of the original judgment. The award of attorney=s fees supported by evidence and the turnover of different assets than those requested falls within the catch-all request for Aother@ relief. *See Anderson v. Teco Pipeline Co.*, 985 S.W.2d 559, 563 (Tex. App.CSan Antonio 1998, pet. denied); *Groschke v. Gabriel*, 824 S.W.2d 607, 615 (Tex. App.CHouston [1st Dist.] 1991, writ denied).

Appellant complains that the district court should not have entered a turnover order against third parties and strangers to the judgment. Appellant appears to argue that the requirement

**7**

that appellant turn over accounts receivable makes the account debtors subject to the turnover order. It does not. The turnover order is explicitly directed only at appellant once it receives the accounts.

Appellant also complains that the provision holding its attorney jointly and severally liable for the attorney=s fee award in the clarification order incorrectly makes him, a third party, subject to the turnover order. The original turnover order assessed attorney=s fees of $500 solely against appellant. The assessment of attorney=s fees for which appellant=s attorney was liable came in the second order, entitled AOrder Compelling Attendance at Oral Deposition, Granting Sanctions and Clarifying Turnover Order.@ The order reiterates the property appellant must turn over and clarifies that the turnover must happen immediately. The remainder of the order addresses compelling appellant=s president to appear for deposition and the award of attorney=s fees. The paragraph on attorney=s fees is the only paragraph that could be construed as a sanction. Courts are expressly authorized to Arequire a party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay, at such time as ordered by the court, the moving party the reasonable expenses incurred in obtaining the order, including the attorney fees . . . .@ Tex. R. Civ. P. 215(d); *see also* Tex. R. Civ. P. 621a (courts to supervise post-judgment discovery in same manner as pretrial discovery). Thus, sanctions are permissible against appellant=s attorney for participating in the conduct that led the court to compel discovery. The attorney=s fee award does not make appellant=s attorney subject to the turnover order because it does not require him to turn over assets to satisfy the original judgment.

## CONCLUSION

Having resolved all issues presented in favor of the order, we affirm the order.

**8**

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: May 31, 2002

Do Not Publish