TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00446-CV







Gary Pools, Inc., Appellant



v.



Lorena S. McCaffety f/k/a Lorena S. Strawhecker, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 96-13426, HONORABLE SCOTT JENKINS, JUDGE PRESIDING







 Gary Pools, Inc. appeals from a turnover order and an order clarifying the turnover
order and awarding sanctions. Appellant contends that the district court did not hold Lorena S.
McCaffety, formerly known as Lorena S. Strawhecker, to her burden of proof to procure a turnover
order. Appellant also contends that the order does not conform to the pleadings, that the district
court granted more relief than requested, that the court erred by entering an order against a third party
and a stranger to the judgment, and that there should be a new trial because the record was not made
or was lost for reasons that were not appellant's fault. We will affirm.


BACKGROUND


 This case is the latest in a dispute that has consumed most of a decade. In June 1993,
McCaffety hired Gary Pools, Inc. to build a pool. See Gary Pools, Inc. v. McCaffety, No. 03-99-00390-CV, 2000 Tex. App. LEXIS 1835 (Tex. App.--Austin, March 23, 2000, pet. denied) (not
designated for publication). Dissatisfied with the pool, McCaffety sued and, in March 1999,
recovered a judgment for $36,000, plus interest, and $25,000 in attorney's fees, plus additional
amounts for appeals. See id. at *2. This Court affirmed the judgment, the supreme court denied
review, and this Court issued its mandate January 18, 2001.

 On April 25, 2001, McCaffety filed a motion for turnover relief, seeking to satisfy
the judgment. McCaffety requested that the district court order appellant to turn over the trade name
"Gary Pools, Inc." and the company's stock. She also requested at least $500 in attorney's fees. 
After an ex parte hearing that was not recorded, the district court signed an order on May 17, 2001
appointing a receiver to take possession of appellant's non-exempt property--including accounts
receivable, cash, and contract rights derived from contracts with consumers for the construction of
swimming pools. The district court did not order the conveyance of the trade name.

 Appellant filed a response to the order on May 24, 2001. Appellant contended that
the property designated by the turnover order was neither accounts receivable nor contract rights, but
"the right to perform work," that it did not own or control the property, and that superior liens
predate McCaffety's claims. It also contended that the order was too broad, that the property
designated should have been limited to net income of the business, and that the property was seized
without notice and an opportunity to be heard.

 On May 29, 2001, McCaffety filed a motion to compel and to clarify the turnover
order. She alleged that appellant failed to comply with post-judgment discovery by not appearing
at scheduled or rescheduled depositions and by not sending knowledgeable representatives to the
rescheduled depositions. She asked the court to clarify the turnover order by adding a date certain
by which appellant had to turn over the designated property to the receiver. She also requested that
the court order appellant's president to appear on a date certain for a deposition and that he bring
specified documents, materials, and information with him. She requested $500 in attorney's fees.

 The court held a hearing that was recorded. Excerpts of a deposition regarding
appellant's finances were read into the record and appellant's 1999 income tax return was admitted
into evidence. The district court granted McCaffety's motion to clarify, ordering appellant to turn
over the designated property "instantly" upon its receipt. The court designated a date for appellant's
president to appear for deposition and specified that he was to bring all the documents, materials,
and information McCaffety requested. The court also ordered appellant and its attorney jointly and
severally to pay McCaffety $1500 in attorney's fees.


DISCUSSION


 Before considering appellant's complaints about the May 17, 2001 order, we must
discuss McCaffety's argument that appellant filed its notice of appeal too late to complain about that
order. If the July 2, 2001 order clarifying the turnover order restarted the appellate timetables, the
July 17 notice of appeal was undoubtedly timely. Even if that order did not restart the timetables,
the filing of appellant's response to the original order and of McCaffety's motion to clarify within
thirty days after the turnover order gave both parties ninety days from the May order in which to file
their notices of appeal from that original order. See Tex. R. App. P. 26.1(a)(2) (motion to modify). 
Appellant filed its notice of appeal within ninety days after the May 17 order. We conclude that the
appeal is timely.

 Appellant complains about both the original turnover order and the clarification. 
Appellant contends that the original order should be reversed because the absence of a record from
the ex parte hearing underlying it prevents appellant from pursuing an appeal, because the court
failed to hold McCaffety to her burden of proof, and because the court granted the turnover order in
violation of the procedural rules. Appellant further argues that the district court should not have
entered an order against third parties and strangers to the judgment. Finally, appellant contends that
the turnover order did not conform to the pleadings because it granted more relief than requested. 

 Appellant contends that we must reverse the judgment and remand the cause because,
through no fault of his own, there is no reporter's record of the ex parte hearing after which the court
signed the turnover order. See Tex. R. App. P. 34.6(f) (appellant gets new trial if reporter's record
lost or destroyed). In this case, however, a reporter's record was never made, and therefore could
not have been lost or destroyed. The rule does not apply.

 Appellant is not entitled to a new trial even if the rule applies. Appellant must also
show that the missing record is necessary to the appeal's resolution. See id. 34.6(f)(3). Appellant
contends that the absence of a record prevents him from challenging the legal and factual sufficiency
of McCaffety's evidence, required by statute, that appellant "owns property, including present or
future rights to property, that: (1) cannot readily be attached or levied on by ordinary legal process." 
Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a) (West Supp. 2002). (1) Appellant has not shown that
the absence of the record of the first hearing prevents it from prosecuting its appeal. Any asserted
deficiency or difficulty arising from the lack of a reporter's record from the initial turnover hearing
was cured by the recorded hearing on the motion for clarification. McCaffety presented proof
supporting the turnover order at the second hearing, appellant had the opportunity to challenge her
evidence and present countervailing evidence but did not, and the district court signed the clarified
turnover order, which renewed the order that appellant turn over those items. (2) Appellant can
challenge the clarified order and the evidentiary support for it based on that record.

 Appellant complains that the failure to give him notice of the hearing violated the
rules of civil procedure. Courts have held that defendants are not entitled to notice or a hearing
regarding a motion for turnover. See Thomas v. Thomas, 917 S.W.2d 425, 433-34 (Tex.
App.--Waco 1996, no writ); Plaza Court, Ltd. v. West, 879 S.W.2d 271, 276 (Tex. App.--Houston
[14th Dist.] 1994, no writ). The statute does not require notice and the existence of the judgment
notifies the debtor that the creditor will try to collect. See Tex. Civ. Prac. & Rem. Code Ann.
§ 31.002; Thomas, 917 S.W.2d at 434; West, 879 S.W.2d at 276.

 Appellant complains that the court failed to require McCaffety to prove that there was
a judgment, whether there were credits on the judgment, and whether appellant owns any assets not
subject to levy by ordinary means. Appellant cites no authority for the proposition that a judgment
must be entered into evidence to support a motion for turnover that is filed in the same cause of
action; nevertheless, McCaffety attached a copy of the judgment to her motion for turnover. The
judgment was thus in the district court's record at least twice. The evidence introduced at the second
hearing included a deposition excerpt read into the record. In the midst of trying to explain the
apparently intricate financial arrangements among several entities connected with appellant, a
representative produced by appellant stated, "Gary Pools, Inc. sells its receivables to Southern
Tradewinds, Limited Partnership." Further, according to appellant's 1999 tax return admitted into
evidence at the second hearing, appellants reported $887,430 in gross profits on $5.8 million in gross
receipts or sales. McCaffety's evidence overwhelms appellant's unsupported claim that it has no
accounts receivable, cash, or contract rights that could satisfy a judgment of $61,000 for damages
and attorney's fees. This property is not the sort that can be readily levied or attached using ordinary
legal process. See Hennigan v. Hennigan, 677 S.W.2d 495, 496 (Tex. 1984) (attorney's retainer fees
and hourly billing proper subject of turnover order because difficult to reach); see also generally
Tex. R. Civ. P. 621-656 (dealing with execution of judgment on property readily levied or attached). 
Appellant's representative was present and had the opportunity to prove whether credits should be
applied to the judgment, but presented no such proof. Appellant cannot successfully challenge the
sufficiency of the evidence to support the turnover order, not because there is no reporter's record
of the ex parte hearing, but because the unrebutted evidence admitted at the second, recorded hearing
at which appellant participated unequivocally supports the turnover order.

 Appellant complains that the turnover order did not conform to the pleadings and
granted more relief than was pled. Appellant complains about McCaffety's request for turnover of
the trade name "Gary Pools" because appellant did not own the name; this complaint is moot because
the court did not order turnover of the name. Appellant complains that the court exceeded the
request for $500 in attorney's fees by awarding $1500 in attorney's fees. But McCaffety requested
"such other and further relief" to which she was entitled, and her attorney testified that "I've
probably spent $1500 worth of time" on the motion. Regarding the nature of the assets ordered
turned over, the order grants different relief than that specifically requested--the motion requests the
trade name "Gary Pools, Inc" and shares of stock in the corporation, while the order instead requires
turnover of accounts receivable, cash, and rights derived from contracts with swimming-pool buyers. 
But the relief granted is the requested turnover of assets, and it does not appear that the court granted
more relief than requested. The monetary value of the assets turned over is limited by the amount
of the original judgment. The award of attorney's fees supported by evidence and the turnover of
different assets than those requested falls within the catch-all request for "other" relief. See
Anderson v. Teco Pipeline Co., 985 S.W.2d 559, 563 (Tex. App.--San Antonio 1998, pet. denied);
Groschke v. Gabriel, 824 S.W.2d 607, 615 (Tex. App.--Houston [1st Dist.] 1991, writ denied).

 Appellant complains that the district court should not have entered a turnover order
against third parties and strangers to the judgment. Appellant appears to argue that the requirement
that appellant turn over accounts receivable makes the account debtors subject to the turnover order. 
It does not. The turnover order is explicitly directed only at appellant once it receives the accounts.

 Appellant also complains that the provision holding its attorney jointly and severally
liable for the attorney's fee award in the clarification order incorrectly makes him, a third party,
subject to the turnover order. The original turnover order assessed attorney's fees of $500 solely
against appellant. The assessment of attorney's fees for which appellant's attorney was liable came
in the second order, entitled "Order Compelling Attendance at Oral Deposition, Granting Sanctions
and Clarifying Turnover Order." The order reiterates the property appellant must turn over and
clarifies that the turnover must happen immediately. The remainder of the order addresses
compelling appellant's president to appear for deposition and the award of attorney's fees. The
paragraph on attorney's fees is the only paragraph that could be construed as a sanction. Courts are
expressly authorized to "require a party or deponent whose conduct necessitated the motion or the
party or attorney advising such conduct or both of them to pay, at such time as ordered by the court,
the moving party the reasonable expenses incurred in obtaining the order, including the attorney fees
. . . ." Tex. R. Civ. P. 215(d); see also Tex. R. Civ. P. 621a (courts to supervise post-judgment
discovery in same manner as pretrial discovery). Thus, sanctions are permissible against appellant's
attorney for participating in the conduct that led the court to compel discovery. The attorney's fee
award does not make appellant's attorney subject to the turnover order because it does not require
him to turn over assets to satisfy the original judgment. 


CONCLUSION


 Having resolved all issues presented in favor of the order, we affirm the order.



 

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: May 31, 2002

Do Not Publish
1. The statute also requires that the property not be exempt from attachment, execution, or
seizure for the satisfaction of liabilities. Tex. Civ. Prac. & Rem. Code Ann. § 31.002. The judgment
debtor bears the burden to prove that the property is exempt. See Jacobs v. Adams, 874 S.W.2d 166,
167 (Tex. App.--Houston [14th Dist.] 1994, no writ).
2. After the ex parte hearing, the district court appointed a receiver and empowered him "to
take possession of all non-exempt assets of Gary Pools, Inc., including, but not limited to, all
contract rights, accounts receivable, and cash." After the second hearing, the court ordered appellant
in the clarification order to turn over "all accounts receivable, cash and contract rights derived from
its contracts with consumers or otherwise to the receiver . . . instantly upon the Defendant's receipt
of such accounts receivable, cash or contracts."